IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

SHERMAN DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| CHARLES DEAN HOOD, | § | CIVIL ACTION |
| | § | |
| PETITIONER | § | NO. 4:08-cv-334; 4:08-cv-336 |
| _____ | § | |

**RESPONSE TO PETITIONER'S EMERGENCY MOTION TO REMAND**

COMES NOW, THE HONORABLE VERLA SUE HOLLAND, and files this Response to Petitioner CHARLES DEAN HOOD's Emergency Motion to Consolidate and Remand Immediately, and for Costs, and would respectfully show the following.

**Summary of Argument**

1. Respondent properly removed Mr. Hood's Rule 202 Petition filed in the 366th District Court, Collin County, Texas for the reason that the Eastern District of Texas has established that such a Petition is a "civil action" within the meaning of 28 U.S.C. §1441, In Re: Texas, 110 F.Supp.2d 514, 520-521 (E.D. Tex. 2000), *reversed on other grounds*; In Re: State of Texas v. Real Parties in Interest, 259 F.3rd 387, 395 (5th Cir. 2001). The basis of Mr. Hood's claim in his Rule 202 Petition is a violation of civil rights under 42 U.S.C. §1983. U.S. District Courts have original jurisdiction over violation of civil rights claims, especially alleging such a violation by a Judge and prosecutor. 28 U.S.C. §1331. Therefore the matter may be removed pursuant to 28 U.S.C.

§1441.

**Mr. Hood's Civil Action Under Rule 202 is a Subterfuge
to the Real Purpose of His Rule 202 Petition**

2. Mr. Hood alleges the existence of a romantic relationship between the former presiding Judge of the 296th Judicial District Court, The Honorable Verla Sue Holland, who presided over Petitioner's capital murder trial in 1990, and Thomas S. O'Connell, Jr., the former District Attorney of Collin County who participated in the capital murder prosecution. Petitioner seeks to depose Judge Holland and Mr. O'Connell for the following reason: (*See* Notice of Removal, Index of State Court File, Exhibit 4, Petition to Take Depositions Under Rule 202, p. 3).

> "to investigate potential actions civil in nature against one or both persons, including but not limited to claims under 42 U.S.C. §1983, for violation of civil rights."

3. Mr. Hood is scheduled to be put to death September 10, 2008.

4. Petitioner also alleges that an undisclosed intimate relationship could taint the validity of numerous judgments, convictions, and sentences in Collin County including Petitioner's. Petitioner requests that the Rule 202 depositions be granted so they may yield evidence pertinent to potential habeas corpus proceedings and serve as a basis for initiating other proceedings civil in nature such as bar complaints or complaints to the State Commission on Judicial Conduct. (*See* Notice of Removal, Index of State Court File, Exhibit 4, Petition to Take Depositions Under

Rule 202, p. 5).

5. On August 18, 2008, this matter was originally filed in County Court at Law No. 2, Collin County, and then transferred to the 199th District Court before The Honorable Robert T. Dry, Jr.

6. On August 21, 2008, the Criminal District Attorney of Collin County, Texas filed its Motion to Correct Misnomer of Pleadings and File a Subsequent Habeas Petition (Notice of Removal, Index of State Court File, Exhibit 6).

7. On August 22, 2008, Judge Dry filed a letter/Order, severing any part of the Petitioner's Rule 202 Motion that has to do with the murder conviction and filed it in the 296th District Court. (*See* Notice of Removal, Index of State Court File, Exhibit 14, Petition to Take Depositions Under Rule 202, p. 5).

8. Therefore, any expedited relief that may be requested or required due to Petitioner Hood's scheduled execution date of September 10, 2008, may be pursued and brought in the 296th District Court as a petition for habeas corpus.

**Hood Has Failed to Follow Proper Criminal Procedures**

9. To date, Petitioner has failed to avail itself of Judge Dry's severance of this matter; and Mr. Hood has failed to pursue his complaints in the 296th Court. Therefore, the Court should not consider these expedited motions in the civil matter until properly briefed, and argued.

10. Petitioner is alleging claims that go much beyond Mr. Hood's conviction, and as a result, Judge Holland and Mr.

O'Connell, should be afforded every opportunity under the law to defend themselves and protect their interests in the civil action.

### **Ex Parte Charles Dean Hood**

11. Moreover, the information that Petitioner seeks to obtain is to whether or not there was a improper relationship between the Judge and the prosecuting District Attorney has been the basis of Petitioner's Application for Writ of Habeas Corpus and Stay of Execution. In the case of Ex Parte Charles Dean Hood, 2008 WL 2487794 (Tex. CRN. App.) (copy of case attached hereto as **Exhibit "1"**, the Petitioner alleged he was denied a fair trial because of an alleged relationship between the Judge and the Prosecutor).

12. Mr. Hood asserts the relationship was "common knowledge" at the time of trial; however, Mr. Hood never raised their allegations in his early appeals. (See Summary of Criminal Proceeding attached as **Exhibit "2"**). Mr. Hood was sentenced to death August 29, 1990. The conviction and death sentence were affirmed on direct appeal on November 24, 1993. On April 21, 1999, Petitioner filed an initial Application for Writ of Habeas Corpus, but did not raise the present allegations of the relationship between the Judge and Prosecutor. Petitioner filed a subsequent Application in trial court for Writ of Habeas Corpus which also failed to raise the present allegation, which was also dismissed April 13, 2005. On June 22, 2005, Applicant filed a second subsequent Application for Writ of Habeas Corpus and that again

failed to raise the present allegation.  The Appellate Court remanded to the convicting court for resolution of the asserted claim.  When the case was returned to this Court, the Texas Criminal Appeals held that Mr. Hood had not met his requirements for consideration of subsequent claims and dismissed his application.  On May 6, 2008, Applicant moved this Court to reconsider his direct appeal which was denied.  On June 16, 2008, the Texas Criminal Appeals dismissed Petitioner's claim as an abuse of the Writ and denied leave to file an Original Application for Writ of Habeas Corpus or an Application for Writ of Prohibition and also denied Petitioner's Motion for Stay of Execution.

**Mr. Hood's Rule 202 Petition is a
"Civil Action", in the Eastern District of Texas**

13.   Contrary to the holding in In Re Texas, supra, Petitioner cites several cases from other U.S. District Courts for the rule that a Rule 202 Petition is not a "civil action" for the purposes of removal.  The lead case cited by Petitioner is the case of Mayfield-George v. Texas Rehabilitation Commission, 197 F.R.D. 280 (N.D. Tex. 2000).  District Court Judge Kendall, specifically refers the Eastern District Court Judge Folsom's opinion in In Re Texas but distinguishes it on the basis that Judge Folsom was faced with the multi-billion dollar tobacco litigation settlement and the removal was based on the All Writs Act.  However, Judge Kendell in Mayfield-George, supra, fails to conduct the in-depth analysis as to what is a "civil action", as conducted by Judge Folsom in In Re:

Texas. Judge Folsom's opinion details his thorough analysis of the removal statute, 28 U.S.C. §1441. Judge Folsom goes back to the first removal provision in the Judiciary Act of 1789, quotes Chief Justice Marshall and Chief Justice Taft of the United States Supreme Court; and determines that the U.S. Supreme Court has broadly construed the various terms used to describe removable proceedings and defines a removable proceeding as one in which there are one or more of the following:

> "a dispute between parties; a prayer for relief (either at law or in equity); pleadings; a tribunal with power to determine questions of law and fact; the determination of the tribunal is subject to review; and enforceable orders. A removable proceeding is considered brought once the party is subject to court orders."

14. In contrast, Judge Kendall in Mayfield-George, supra, cites two federal district court cases in Alabama and Florida to support its position and then argues without supporting citation that the Rule 202 Petition to Take a Deposition is not a civil action on which federal district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States.

15. Petitioner alleges that there is no basis of original jurisdiction in Mr. Hood's Rule 202 Petition. Again, the Petition clearly raises investigation of potential claims in violation of Federal Civil Rights that could have a wide range in impact on all the cases handled by Judge Holland involving the Collin County District Attorney's Office. Because In Re: Texas, the law

governing the Eastern District of Texas controls, Petitioner's arguments fail. Clearly they raise a civil rights claim in the Petition; the Petition is considered a civil action in the Eastern District of Texas. Had Judge Holland and Mr. O'Connell lived in Dallas and this matter had been brought in Dallas County, there may have been a different result pursuant to the rule of law in the Northern District of Texas. However, the Fifth Circuit has not spoken on this issue, and in light of the much more thorough analysis and better position adopted by the Eastern District of Texas, In Re Texas controls.

**Petitioner Misguides the Court With His Argument that *Syngenta v. Henson* Overruled the Rationale of *In Re: Texas***

16. Petitioner boldly alleges that In Re: Texas was subsequently rejected by the Supreme Court of the United States is again without merit. The only purpose for which the Respondents rely on In Re: Texas is to establish the rule of law that a Rule 202 Petition is a "civil action" for the purpose of removal. Petitioner alleges that the All Writs Act, which is the basis of removal in In Re: Texas, has been overruled and is no longer a basis for removal. Petitioner would agree with this argument. However, Respondents are not relying on the All Writs Act as a basis of its removal, but rather the clearly stated federal claim for violation of the Civil Rights Act, as plainly stated in Mr. Hood's Rule 202 Petition. Mayfield-George, further states that federal courts have inherent power to issue bills of discovery.

Mayfield-George, supra at 283-284.  Judges and prosecutors have defenses of qualified immunity under federal law, have protection and rights to privacy and other guaranties in the United States Constitution, which should be carefully analyzed in this case to determine whether or not a deposition should be allowed of Judge Holland and/or Mr. O'Connell.  Therefore, the Federal Court is the proper court to consider these issues.

**Respondent's Objection to Request for Immediate Remand**

17.  Petitioners rely on the last minute urgency surrounding the execution of Mr. Hood on September 10, 2008, in a rush to justice, that is bound to affect the rights of Respondents.  As stated earlier, Petitioner has sought this relief for numerous months in the 296th District Court and which is still available for the relief sought herein.  Instead Mr. Hood has chosen a civil form as a last-ditch effort to delay his death.

18.  Petitioner alleges that Respondents' removal was abusive and improper given the national media attention and further incorrectly base their pleadings on the flat lie that Judge Brewer had directed Judge Holland and O'Connell to be prepared to be deposed immediately following the hearing at 9:00 a.m. on Monday, September 8, 2008.  There was no direct order from Judge Brewer.  The only document containing such language is a Notice of Hearing dated September 4, 2008 signed by Petitioner's San Francisco, California attorney Gregory W. Wiercioch.  Furthermore, the Notice of Hearing and request to bring documents, is improper under Rule

202 Petition to Take Depositions. The only thing that the Petitioner can do is to request a hearing wherein the Judge determines whether or not a deposition should take place and there is no provision under the Texas Rule that require an individual to bring documents with him to such deposition.

**Respondent's Request for Payment of Costs and Expenses**

19. Based upon Petitioner's inability to identify the correct law in the Eastern District of Texas to which this matter would apply, and in further light of the abusive practices and emergency motions filed that are clearly in connection with the criminal matter, which has been severed and pending in the 296th District Court, the actions by Petitioner has required Respondent's immediate and significant response including significant attorney fees and expenses which this Court should award to the Respondent. Respondent requests the Court order Petitioner Charles Dean Hood, and his attorneys, Gregory W. Wiercioch, 430 Jersey Street, San Francisco, California 94114, A. Richard Ellis, 75 Magee Avenue, Mill Valley, California 94941, and Kathryn M. Kase, Texas Defenders Service, 412 Main, Suite 1150, Houston, Texas 77002 to pay such costs and expenses.

WHEREFORE, PREMISES CONSIDERED, Respondent, HONORABLE VERLA SUE HOLLAND, requests that Petitioner's Motion to Remand be denied, and that the Court require Petitioner and his attorneys to pay all just costs and expenses, including attorney fees, incurred as a result of filing of Charles Dean Hood's petitions, and request for

1 immediate relief, and for such other relief as law and justice

2 requires.

3     Dated September 8, 2008.

4                                Respectfully submitted,

5

6                                */s/ Bill Boyd*
                               BILL BOYD
                               Bar Card No. 02780000

7                                BOYD·VEIGEL, P.C.
                               P. O. Box 1179

8                                McKinney, Texas  75070
                               Telephone:  972/562-9700

9                                Telecopier: 972/562-9600

10                               Attorney for Respondent,
                               VERLA SUE HOLLAND

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

**Certificate of Service**

On this 8th day of September, 2008, the undersigned hereby certifies that a true and correct copy of the foregoing was sent to the following via email in accordance with the Texas Rules of Civil Procedure:

| | |
|---|---|
| Gregory W. Wiercioch, Esq.<br>430 Jersey Street<br>San Francisco, CA   94114<br>832-741-6203<br>gwooch@texasdefender.org | Madeleine B. Connor, Esq.<br>Assistant Attorney General<br>300 W. 15th Street<br>William P. Clements Building<br>Austin, Texas 78701<br>512-463-2120<br>Madeleine.Connor@oag.state.tx.us |
| Kathryn M. Kase, Esq.<br>412 Main #1150<br>Houston, TX   77002<br>713/222-7788<br>KMKase@compassnet.com | Jeffrey Garon, Esq.<br>Assist. Criminal Dist. Atty.<br>2100 Bloomdale Road #20004<br>McKinney, TX   75701<br>972-548-4323<br>jgaron@co.collin.tx.us |
| Richard A. Sayles, Esq.<br>4400 Renaissance Tower<br>1201 Elm Street<br>Dallas, TX   75270<br>214-939-8700<br>Dsayles@swtriallaw.com | |

*Service also to be provided to (via First Class Mail):*

| | |
|---|---|
| The Honorable John Nelms<br>4125 Normandy Avenue<br>Dallas, TX   75205 | The Court of Criminal Appeals<br>P.O. Box 12308<br>Capitol Station<br>Austin, TX   78611 |

/s/  Bill Boyd
BILL BOYD