**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION**

|   |   |
|---|---|
| § | |
| § | |
| § | |
| § | |
| IN RE: CHARLES DEAN HOOD, § | Case Nos. 4:08-CV-334 & 4:08-CV-336 |
| § | |
| Petitioner. § | |
| § | |
| § | |
| § | |

## ORDER GRANTING PETITIONER'S EMERGENCY MOTIONS TO CONSOLIDATE AND REMAND IMMEDIATELY AND DENYING REQUEST FOR REIMBURSEMENT OF COSTS AND FEES

On August 18, 2008, the Petitioner, Charles Dean Hood, filed a "Petition to Take Depositions under Rule 202 [of the Texas Rules of Civil Procedure]" in the County Court at Law Number 2 of Collin County, Texas. The Petitioner seeks to depose former Judge Verla Sue Holland and Mr. Thomas S. O'Connell, Jr., "to investigate potential actions that are civil in nature, as authorized by the Texas Rules of Civil Procedure and specifically by Rule 202."

Thereafter, on September 5, 2008, Judge Holland filed a notice of removal, removing the petition to this court. On September 7, 2008, Mr. O'Connell filed a like notice of removal. The notices of removal state that this court has jurisdiction because (1) the Rule 202 petition is a "civil action" pursuant to 28 U.S.C. § 1441(b), and (2) the Rule 202 petition alleges that Judge Holland and Mr. O'Connell may have committed acts giving rise to an actionable claim under 42 U.S.C. § 1983. Finally, on September 7, 2008 and September 8, 2008, the Petitioner filed his "Emergency Motion to Consolidate and Remand Immediately, and for Costs" (docket entry #2) in both of the

removed actions.

The court has reviewed the notices of removal, the emergency motion to consolidate and remand and the relevant case law. Additionally, the court has considered Judge Holland's response to the Petitioner's emergency motion to remand (docket entry #4) as well as the arguments of counsel for the Petitioner and Respondents at the telephonic hearing conducted on this date. With respect to the motion to consolidate, the court finds that both cases involve common questions of law and fact; accordingly, consolidation is appropriate. Civil action number 4:08-cv-336 is consolidated into civil action number 4:08-cv-334. The Clerk of the Court is hereby directed to docket all future filings in the above-listed matters under civil action number 4:08-cv-334.

With respect to the Petitioner's emergency motion to remand, the court finds that pursuant to the well-reasoned holdings of *Mayfield-George v. Texas Rehabilitation Commission*, 197 F.R.D. 280 (N.D. Tex. 2000), *McCrary v. Kansas City Southern Railroad*, 121 F.Supp.2d 566 (E.D. Tex. 2000) and *Davidson v. Southern Farm Bureau Casualty Ins. Co.*, 2006 WL 1716075 (S.D. Tex. 2006), the Petitioner's petition for discovery under Texas Rule of Civil Procedure 202 does not constitute a "civil action" as required by the federal removal statute, 28 U.S.C. §1441, and is therefore not removable.[1] The court has reviewed *In re Texas*, 110 F.Supp.2d 514 (E.D. Tex. 2000); the court, however, respectfully disagrees with the holding in *In re Texas*.[2] It is, therefore,

**ORDERED** that the Petitioner's "Emergency Motion to Consolidate and Remand

---

[1] Additionally, the court finds that the Rule 202 petition does not state a cause of action under 42 U.S.C. § 1983. Rather, the petition merely seeks to investigate whether such a cause of action exists. Such an investigation into a potential cause of action does not give rise to an actual case or controversy as is necessary to establish jurisdiction in this court.

[2] Since there is no prior federal order or settlement in this matter to protect, the All Writs Act is not implicated.

Immediately" (docket entry #2) is **GRANTED**. The clerk of the court shall **REMAND** this action

to the 366th Judicial District Court of Collin County, Texas. For purposes of this order, the court

hereby suspends the requirements of Local Rule CV-83(b). It is further

**ORDERED** that because all of the parties rely upon some case authority, all requests for

costs and attorneys' fees are **DENIED**.

IT IS SO ORDERED.

**SIGNED this the 8th day of September, 2008.**

_Richard A. Schell_
RICHARD A. SCHELL
UNITED STATES DISTRICT JUDGE